## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

STEVEN A. MCKINNIS,
       Appellant,

     v.

DEPARTMENT OF THE INTERIOR,
       Agency.

DOCKET NUMBER
DA-0432-18-0199-I-1

DATE: September 7, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Susan L. Kruger</u>, Esquire, Washington, D.C., for the appellant.

<u>Conor Cleary</u>, Esquire, Tulsa, Oklahoma, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member[2]
Member Leavitt recused himself and
did not participate in the adjudication of this appeal.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

[2] Member Leavitt's name is included in decisions on which the three-member Board completed the voting process prior to his March 1, 2023 departure.

**FINAL ORDER**

¶1	The appellant has filed a petition for review of the initial decision, which dismissed his performance-based removal appeal for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

**BACKGROUND**

¶2	The appellant was a GS-12 Auditor for the agency's Office of Natural Resources Revenue. *McKinnis v. Department of the Interior*, MSPB Docket No. DA-0432-18-0199-I-1, Initial Appeal File (0199 IAF), Tab 1 at 1, 9. On October 14, 2016, the appellant filed a whistleblower complaint with the Office of Special Counsel (OSC), challenging a July 19, 2016 letter of reprimand. *Id.* at 21-33. Throughout the following year, the appellant amended his complaint to include several other alleged personnel actions, culminating in a December 14, 2017 notice of proposed removal under 5 U.S.C. chapter 43. 0199 IAF, Tab 8 at 13-17, Tab 28 at 4-56.

¶3        On January 10, 2018, OSC sent the appellant a preliminary determination letter, informing him that it planned to close its inquiry without taking corrective action and giving him 13 days to respond.  0199 IAF, Tab 1 at 34, Tab 28 at 57-58.  Then, on January 18, 2018, the agency issued a decision to remove the appellant from service, which the appellant forwarded to OSC on January 22, 2018.  0199 IAF, Tab 8 at 5-9, Tab 33 at 12-15.  On January 30, 2018, outside the 13 days but before OSC issued its close-out letter, the appellant received his separation folder from the agency.  0199 IAF, Tab 33 at 16.  He forwarded the information to OSC in an email stating, "I received the following separation folder today.  Please see attached.  Is there anything that can be done on my behalf?  Please advise."  0199 IAF, Tab 33 at 16-26.  The following day, January 31, 2018, the OSC attorney handling the appellant's case responded by email, informing the appellant that there was insufficient information to demonstrate that the removal was unfounded and that OSC would issue a close-out letter later that day.  *Id.* at 66.  OSC issued the close-out letter as promised, summarizing the appellant's complaint as pertaining to a written reprimand, a 14-day suspension, a performance improvement plan (PIP), and a proposed removal.  0199 IAF, Tab 1 at 35.  The close-out letter did not mention the removal action per se.

¶4        On February 16, 2018, the appellant filed an individual right of action (IRA) appeal with the Board, which he apparently intended to encompass his removal as well as the various other personnel actions discussed above. *McKinnis v. Department of the Interior*, MSPB Docket No. DA-1221-18-0200-W-1, Initial Appeal File (0200 IAF), Tab 1.  Because OSC's close-out letter did not specifically mention the removal action, the regional office docketed a separate appeal for the removal under the procedures of 5 U.S.C. chapter 43. 0199 IAF, Tab 35, Initial Decision (ID) at 2.  However, upon review of the record as requested by the appellant's attorney, the administrative judge determined that the appellant had exhausted his administrative remedies with OSC with respect to

his removal. 0200 IAF, Tab 12 at 2. She advised the parties of her intention to adjudicate the removal in the context of the IRA appeal and to dismiss the chapter 43 appeal on the basis that the appellant had made a binding election to challenge his removal before OSC. *Id.* Over the appellant's objection, the administrative judge issued an initial decision dismissing the chapter 43 appeal for lack of jurisdiction. 0199 IAF, Tab 33; ID.

¶5 The appellant has filed a petition for review, arguing that he did not make a knowing and informed decision to seek corrective action from OSC on the removal decision. Petition for Review (PFR) File, Tab 1. The agency has filed a response the petition for review, PFR File, Tab 3, and the appellant has filed a reply to the agency's response, PFR File, Tab 4.

## ANALYSIS

¶6 Under 5 U.S.C. § 7121(g), an employee who has been subjected to an action appealable to the Board and who alleges that he has been affected by a prohibited personnel practice other than a claim of discrimination under 5 U.S.C. § 2302(b)(1) may elect to pursue a remedy through one, and only one, of the following remedial processes: (1) an appeal to the Board under 5 U.S.C. § 7701; (2) a grievance filed pursuant to the provisions of the negotiated grievance procedure; or (3) a complaint following the procedures for seeking corrective action from OSC under 5 U.S.C. §§ 1211–1222. *Agoranos v. Department of Justice*, 119 M.S.P.R. 498, ¶ 14 (2013). Whichever remedy is sought first by an aggrieved employee is deemed an election of that procedure and precludes pursuing the matter in either of the other two forums. *Agoranos*, 119 M.S.P.R. 498, ¶ 14. To be binding, however, the election must be knowing and informed; the employee must be aware of all of his options, and of the effect that pursuing a particular option will have on his ability to pursue other options. *Id.*, ¶ 15.

¶7 The administrative judge found, and the appellant does not dispute, that the agency's decision letter fully apprised him of his options for challenging the

removal and of the limitations of those options. ID at 5. We agree. The decision letter informed the appellant that he had the right to appeal to the Board or to seek corrective action before OSC, but if he sought corrective action before OSC, the issue would be limited to whether the removal was in retaliation for whistleblowing, and the appellant would be forgoing his right to otherwise challenge the removal. 0199 IAF, Tab 8 at 7-8. We find that these provisions satisfy the notice requirement of 5 C.F.R. § 1201.21(d)(4).

¶8 The appellant argues, however, that his communications with OSC regarding the removal did not actually constitute an election to proceed in that forum. His argument is essentially in two parts: First, that although he apprised OSC of his removal, he did not request that OSC investigate the matter but instead asked whether anything could be done, and second, that OSC did not investigate the removal and did not include it in its close-out letter. PFR File, Tab 1 at 9-12. For the following reasons, we disagree.

¶9 Regarding the appellant's apprising OSC of his removal, we agree that he did not specifically request that OSC "investigate" the matter. PFR File, Tab 1 at 9-10; 0199 IAF, Tab 33 at 15-16. However, the governing statute does not require a complainant to use any particular words to invoke OSC's remedial authority; it requires only an "allegation of a prohibited personnel practice." 5 U.S.C. § 1214(a)(1)(A). In this case, the appellant not only informed OSC of the January 18, 2018 removal action, but also did so in the context of his ongoing whistleblower complaint and asked OSC whether it could do anything about the removal. 0199 IAF, Tab 33 at 12-16. We agree with the administrative judge that this was a rather unambiguous request for corrective action. ID at 4-5.

¶10 Regarding OSC's handling of the removal, we agree with the appellant that OSC did not mention the removal in its close-out letter and does not appear to have conducted a separate investigation of it. 0199 IAF, Tab 1 at 35; PFR File, Tab 1 at 10-12. Nevertheless, OSC's failure to specifically mention removal in its close-out letter is not dispositive of the issue. In *McVay v. Arkansas National*

*Guard*, [80 M.S.P.R. 120](#), 124 (1998), the Board found that the appellant's submissions to OSC were sufficient to show that he had exhausted his administrative remedy regarding a personnel action that was not mentioned in OSC's close-out letter. *Accord Costin v. Department of Health and Human Services*, [72 M.S.P.R. 525](#), 534-35 (1996), *modified on other grounds by Costin v. Department of Health and Human Services*, [75 M.S.P.R. 242](#) (1997). As explained above, the appellant's submissions to OSC are sufficient to show that he elected to seek corrective action rather than file a Board appeal.

¶11      We also find that election of remedies is not predicated on OSC conducting a full investigation into the allegations at issue. Under [5 U.S.C. § 1214](#)(a)(1)(A), OSC "shall investigate the allegation to the extent necessary to determine whether there are reasonable grounds to believe that a prohibited personnel practice has occurred, exists, or is to be taken." In this case, OSC had been in possession of the underlying PIP documents and notice of proposed removal for some time before the appellant was removed, and indeed had already issued a preliminary determination letter concerning those matters. 0199 IAF, Tab 28 at 51-52, 57, 61. When the appellant forwarded OSC the information concerning the removal decision itself, the OSC attorney reviewed that information and found that there was nothing in there to warrant further investigation. *Id.* at 66. We therefore find that OSC carried out its statutory duty with respect to the appellant's removal. Furthermore, after reviewing the appellant's removal-related information, the OSC attorney replied to him as follows:

> I have reviewed all of the documents you sent, but unfortunately I do not think that OSC has enough to demonstrate that your assignments were not late.[3]  However, just because OSC does not take on your case, does not mean you cannot continue to challenge the removal. Later today, I will be sending you a closure letter and an Individual Right of Action. An individual right of action gives you the ability to file with the Merit Systems Protection Board.

---

[3] The appellant's removal was based on his alleged failure to complete or timely complete his work assignments. 0199 IAF, Tab 8 at 7, 15-16.

*Id.* Clearly, the OSC attorney handling the appellant's case contemplated that he would be able to challenge his removal in an IRA appeal, and had thus exhausted his administrative remedies with respect to the removal. *See Yunus v. Department of Veterans Affairs*, 242 F.3d 1367, 1371 (Fed. Cir. 2001) (finding that the Board has jurisdiction over an IRA appeal if, among other things, the appellant has exhausted his administrative remedies before OSC).

¶12 For these reasons, we find that it was both the appellant's intention and OSC's understanding that he had elected to seek corrective action regarding his removal. We therefore agree with the administrative judge that the appellant is precluded from challenging his removal as an otherwise appealable action pursuant to 5 U.S.C. § 4303(e) under the provisions of 5 U.S.C. § 7701. *See* 5 U.S.C. § 7121(g).

## NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you

were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.   5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.   *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

---

[5]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                         /s/ for
                                      _____
                                      Jennifer Everling
                                      Acting Clerk of the Board
Washington, D.C.